4663.

STATE OF LOUISIANA *v.* L. E. LEMARIE and als.

Where the defendant being sued as a defaulting tax collector, his defense was that the State
Treasurer illegally refused to receive from him certain State warrants which he alleged
he took in payment of taxes;

Held—That the defense was not tenable, because at the time the warrants were tendered, the
treasurer was injoined by the Superior District Court from receiving the same, and be-
cause said warrants were illegally issued, no appropriation for such purpose having been
made as required by article 104 of the constitution, and because the defendant did not, in
relation to those warrants, comply with the provisions of section 3337, Revised Statutes.

APPEAL from the Superior District Court, parish of Orleans.    *Haw-*
*kins,* J.   *A. P. Field,* Attorney General, for plaintiff.    *Henry C.*
*Dibble,* for defendant and appellant.

HOWELL, J.    The defendant is sued as a defaulting tax collector.
His defense is that the State Treasurer illegally refused to receive from
him certain State warrants, which he alleges he took in payment of
taxes.    The only matter now in contest is his right to pay into the
treasury State warrants, amounting to $5469 23, which were issued
by James Graham, Auditor, from August 2 to December 2, 1872, for
alleged election expenses.    The Treasurer refused to receive them
because at the time they were tendered to him he was injoined by the
Superior District Court from receiving them, and in addition to this
the Attorney General contends that the said warrants were illegally
issued, no appropriation for such purpose having been made as re-
quired by article 104 of the constitution, which he says is the ground
of the said injunction, and further that the defendant did not indorse
upon each warrant the date, from whom received, and the amount of
taxes thereby paid by the party from whom such warrant was received,
as required by section 3337 Revised Statutes.

Each of those grounds is sufficient to justify the refusal of the
treasurer.

There was no appropriation, as it appears, on which the warrants
could be drawn, and we will add that the testimony of the defendant
himself does not satisfy us that he received the warrants in question
from taxpayers in payment of the proportion of their taxes, which, it.

State of Louisiana v. Lemarie and als.

is contended, may be paid with State warrants. Conceding that the tax collectors may be properly authorized to receive State warrants in payment of a specified proportion of the taxes, upon which we express no opinion, they must be careful to receive only such warrants as are issued under specific appropriations and are specially made receivable for taxes, and when so received the tax collectors must comply with the above law and indorse on each warrant the date of its reception, the name of the taxpayer and the amount of his taxes so paid with such warrant, and they are further required by the said law to make oath that the warrants they pay "into the treasury are the identical warrants received by them, and that they have not purchased or speculated in warrants in any way, directly or indirectly, and that they have received said warrants at their face value." This has not been done by the defendant.

Judgment affirmed.